QUESTIONS: 1. Do local authorities have the right to enforce Ch.316, F.S., on residential property where the motoring public is not invited to travel? 2. If question 1 is answered in the negative, will it make a difference if the local authorities are called or invited into the residential property where the motoring public is not invited to travel? 3. Do local authorities have the right or obligation to investigate and write accident reports in areas such as trailer parks, condominiums, or private driveways where the public is not invited to travel and into which the local authorities are also not invited when called to investigate an accident? 4. If question 3 is answered in the affirmative, may local authorities enforce other moving violations in such areas?
SUMMARY: Local authorities do not have the right to enforce Ch.316, F.S., on residential property where the motoring public is not invited to travel, regardless of an invitation to said authorities. In areas such as trailer parks, condominiums, or private driveways where the public and local authorities are not invited to travel, local authorities do not have the right or obligation to investigate and write accident reports. This opinion addresses enforcement of Ch. 316, F.S., only and recognizes that traffic related accidents on private property may involve other laws which are well within the jurisdiction of local authorities to investigate and enforce. Before turning to your specific questions, it should be noted that the enforcement authority with respect to traffic violations within municipalities is as follows: 316.016 Enforcement. — The enforcement of the traffic laws of this state is vested as follows: (3) MUNICIPALITIES. — (a) The police department of each chartered municipality shall enforce the traffic laws of this state on all the streets and highways thereof and elsewhere throughout the municipality wherever the public has the right to travel by motor vehicle. . . . (Emphasis supplied.) It follows from this section that municipal police officers have enforcement authority with respect to traffic violations and accidents occurring on "private property" where the public has the right to travel by motor vehicle, and whether this "right" exists in a particular situation is a mixed question of law and fact. Attorney General Opinion 072-383.
I have previously stated that the apparent intent of the Legislature is to make Ch. 316, F.S., applicable with regard to such privately owned "public" or "quasi-public" facilities as shopping centers and parking lots. See AGO's 051-183, 058-144, 066-59, 072- 383, and 073-323. In providing for the enforcement of Ch. 316, supra, the Legislature did not distinguish between public roadways and private property where the public has a right to travel by motor vehicle, and there does not appear to be any reasonable basis for such a distinction. Attorney General Opinion 073-323. AS TO QUESTION 1: The provisions of s. 316.016, F.S., cited above, indicate that municipal police departments may enforce the traffic laws of the state "wherever the public has the right to travel by motor vehicle." As indicated in a letter which I wrote on April 4, 1972, the relevant statutory provision prior to January 1, 1972, when the Florida Uniform Traffic Control Law took effect, was s. 317.041(1), F.S., which provided that traffic control laws applied "upon highways and elsewhere throughout the state." In my letter I pointed out that the newly enacted s. 316.016(3) differed from former s. 317.041(1) with regard to its limitation to areas where the public has the right to travel. I stated that "the availability of the area for use by the public generally makes it a quasi-public area and provides authority for the public control thereon" pursuant to s. 316.016(3). Question 1 is therefore answered in the negative. AS TO QUESTION 2: I do not feel that it will make any difference in my answer to question 1 if the local authorities are called or invited into the residential property where the motoring public is not invited to travel since the crucial issue is whether or not the public has a right to travel by motor vehicle in such areas. If such "right" does not exist, then municipal police departments are not granted enforcement authority by s. 316.016(3)(a), F.S., regardless of any request. Question 2 is therefore answered in the negative. AS TO QUESTION 3: As noted above, the apparent intent of the Legislature was to make Ch. 316, F.S., applicable with regard to such privately owned "public" or "quasi-public" facilities as shopping centers and parking lots. Regarding such facilities, my letter on April 4, 1972, stated that "the owner may oust governmental authority by effectively enclosing the same in some fashion so that entry can be made only by express authority of the owner." Question 3 is therefore answered in the negative. AS TO QUESTION 4: Since question 3 has been answered in the negative, it is unnecessary to answer question 4. I would like to emphasize that my answers to the questions you have raised refer only to enforcement of the Uniform Traffic Control Law (Ch. 316, F.S.) and that traffic-related incidents which occur on private property may involve other laws which are well within the jurisdiction of local authorities to investigate and enforce.